UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
ELOINA ATENO RODRIGUEZ, CAMERINA
CUAUTLE VASQUEZ, and GREGORIO MEYO,
individually and in behalf of all other persons
similarly situated,

                              Plaintiffs,

        -against-

T & S WHOLESALE DRY CLEANING INC. d/b/a
WHOLESALE CLEANERS, QIONG HAO RUAN,
and SHANG HANG CHEN, jointly and severally,

                           Defendants.
--------------------------------------------------------------X

**SUA SPONTE**
**REPORT AND**
**RECOMMENDATION**

17-cv-00531 (FB) (ST)

TISCIONE, United States Magistrate Judge:

      On February 10, 2017, the First Amended Complaint was filed and Plaintiff Eloina Ateno Rodriguez ("Rodriguez") was added to this case. *See* First Am. Compl., ECF No. 9. Ultimately, Plaintiffs Rodriguez, Camerina Cuautle Vasquez ("Vasquez"), and Gregorio Meyo ("Meyo") (together, "Plaintiffs") alleged T & S Wholesale Dry Cleaning Inc. d/b/a Wholesale Cleaners ("Wholesale"), Qiong Hao Ruan ("Ruan"), and Shang Hang Chen ("Chen") (together, "Defendants") violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, 215(a)(3), *et seq.*, and New York Labor Law ("NYLL") §§ 191, 195(1)-(3), and 650. *See* Third Am. Compl., ECF No. 41. During a motion hearing on March 5, 2020, the undersigned acknowledged Rodriguez's failure to attend Court appearances, a settlement conference, and Court-ordered mediation. Min. Order for Mot. Hr'g held on Mar. 5, 2020, ECF No. 64. Noting that Rodriguez had become unreachable, the undersigned advised of a forthcoming recommendation of dismissal of Rodriguez's claims for failure to prosecute. *Id.* Since then, she has not made any attempt to contact the Court. Accordingly, the Court has no choice but to recommend, *sua sponte*, that the District Court DISMISS Rodriguez's claims for failure to prosecute.

### A. Background

Vasquez and Meyo commenced this action on January 30, 2017, and Rodriguez was added as a plaintiff on February 10, 2017.  *See* Compl., ECF No. 1; First Am. Compl.  In the Third Amended Complaint, Plaintiffs alleged that Ruan and Chen are owners, shareholders, officers, or managers of Wholesale. *See* Third Am. Compl. ¶¶ 16, 19.  Wholesale is a laundry located at 2227 65th Street, Brooklyn, New York. *See Id.* ¶ 15.   Plaintiffs alleged they were employed by Defendants and, in many workweeks during their employment, Defendants failed to pay Plaintiffs the minimum wage and overtime rate applicable under the FLSA and NYLL.  *Id.* ¶¶ 23, 29, 34, 52-53, 62-63.  Plaintiffs further alleged that Defendants failed to furnish Plaintiffs with the notices required by NYLL at the time of hiring and at the time of each wage payment *Id.* ¶¶ 71, 73.  As a result of the Defendants' alleged conduct, Plaintiffs seek, *inter alia*, damages, attorney fees, and declaratory and injunctive relief.  *See id. ¶* 82.

Before Plaintiffs named Ruan as a defendant, the undersigned presided over an initial conference and a settlement conference, though no settlement was reached at that time.  *See* Min. Entry for Initial Conference Hr'g held on Aug. 8, 2017, ECF No. 31; Min. Order for Settlement Conference held on Oct. 19, 2017, ECF No. 36.  After Plaintiffs named Ruan as a defendant, the Court cautioned Plaintiffs that failure to file proof of service as to Ruan may result in dismissal of this case for failure to prosecute.  *See* Electronic Order, June, 17, 2019.  Following an October 31, 2019 pre-motion conference related to Ruan's anticipated Motion to Dismiss, this matter was referred to mediation.  *See* Min. Entry, Oct. 31, 2019; Electronic Order, Oct. 31, 2019.  A Report of Mediation Settled was entered on February 6, 2020.  Report of Mediation Settled, Feb. 6, 2020.

On February 26, 2020, Plaintiffs' counsel moved to withdraw as attorney for Rodriguez. *See* Mot. to Withdraw as Att'y, ECF No. 61.  In the accompanying Affirmation, Plaintiffs' counsel informed the Court that: Vasquez and Meyo responded to discovery demands from Wholesale and Chen; Rodriguez did not respond to counsel's multiple calls and letters concerning the discovery demands; Rodriguez did not respond to Vasquez and Meyo when they attempted to contact her; Rodriguez did not attend Court-ordered mediation and was not a party to the subsequent

settlement.  *See* Affirm Supp. Mot. to Withdraw as Att'y, ECF No. 62.  Though the undersigned entered an Order for Rodriguez to appear at the hearing on counsel's Motion, she did not appear. *See* Electronic Order, Feb. 27, 2020; Min. Order for Mot. Hr'g held on Mar. 5, 2020.  At the hearing, the undersigned acknowledged Rodriguez's failure to attend Court appearances, a settlement conference, and Court-ordered mediation, as well as Plaintiffs' counsel's inability to contact Rodriguez since at least July 2019.  Min. Order for Mot. Hr'g held on Mar. 5, 2020.  The undersigned granted the Motion.  *Id.*  Further, the undersigned notified the parties of a forthcoming recommendation that Rodriguez's claims be dismissed, as she had become unreachable.  *Id.*  Since then, Rodriguez has not contacted the Court.  The parties have not indicated any subsequent contact with Rodriguez.

The remaining parties engaged in settlement negotiations and the undersigned has approved an agreement among Vasquez, Wholesale, and Chen.  *See* Consent Mot. to Dismiss, ECF No. 75; Min. Order for Fairness Conference held Jan. 12, 2021, ECF No. 76.

## B. Analysis

Rule 41(b) of the Federal Rules of Civil Procedure explicitly authorizes a district court to dismiss a suit "[i]f the plaintiff fails to prosecute . . . ."  Fed. R. Civ. P. 41(b); *see also Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (stating that district courts can dismiss cases pursuant to their inherent authority to control their docket).  "[I]nvoluntary dismissal is an important tool for preventing undue delays and avoiding docket congestion."  *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 629–31 (1962)).  Thus, in appropriate circumstances, "a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting."  *Link*, 370 U.S. at 633.

Without a doubt, involuntary dismissal for failure to prosecute is a "harsh remedy" that should be reserved for "extreme situations."  *Lewis*, 564 F.3dd at 576 (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)).  Thus, the Second Circuit has announced five factors (sometimes referred to as the "*Drake*" factors) relevant to whether involuntary dismissal is

3

warranted in a given case:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). The Second Circuit has stressed that "[n]o one factor is dispositive," *U.S. ex rel. Pervez v. Maimonides Med. Ctr.*, 415 F. App'x 316, 317 (2d Cir. 2011), and therefore this Court reviews all of the factors to provide a sufficient basis for the Court's disposition. *See Sigala v. Spikouris*, 345 F. App'x 636, 637 (2d Cir. 2009) (remanding where district court abused its discretion by failing to address the *Drake* factors, the evidence submitted by the plaintiff, or the Magistrate Judge's recommendation that the case be reopened after dismissal for failure to prosecute).

First, the delay has been of a "significant duration."  Courts assessing this factor determine whether the plaintiff was the cause of the delay and whether the length of the delay is "significant" in the context of the case. *See Drake*, 375 F.3d at 255 (citation omitted).  The factor weighs in favor of dismissal if the delays "are entirely attributable to plaintiff." *Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013).  In this case, the delays are entirely attributable to Rodriguez.  Since July 2019 at the latest, Rodriguez has seemingly refused to communicate with anyone regarding this case, including her former attorney and co-Plaintiffs.  Rodriguez did not respond to her former counsel's requests concerning discovery demands made by Wholesale and Chen.  She attended neither the settlement conference nor Court-ordered mediation.  Despite an Order to do so, Rodriguez failed to appear for a motion hearing before this Court on March 5, 2020.  This absence of action speaks to Rodriguez's lack of interest in prosecuting this case.

Although there is no bright line, courts have found delays of a few months sufficient for dismissal. *See Caussade v. United States*, 93 F.R.D. 625, 629 (S.D.N.Y. 2013) (citing cases dismissing after delays as short as three months).  Courts dismiss after shorter delays when the plaintiff becomes completely inaccessible or fails to prosecute her case entirely. *See Garcia v.*

*City of New York*, No. 14-CV-4160 (NGG) (LB), 2016 WL 1275621, at *3 (E.D.N.Y. Mar. 31, 2016) (dismissing after party had become unreachable and "failed to carry out even the most basic tasks associated with prosecuting the case"); *Lopez v. Catholic Charities of Archdiocese of New York*, No. 00-CV-1247 (AGS), 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissing after delay of three months where "plaintiff . . . failed to take *any* steps to prosecute this action for at least three months"). In this case, as discussed, Rodriguez has failed to make any affirmative act since at least July 2019, if not earlier. This is in contrast to her co-Plaintiffs, who engaged in mediation and settlement negotiations. Using July 2019 for calculation purposes, the delay in excess of eighteen months favors dismissal.

Second, Plaintiffs were given notice that dismissal was a possibility. Courts favor dismissal when plaintiff was notified of the possibility of dismissal, even though notice is not a prerequisite to dismissing an action. *See Caussade*, 293 F.R.D. at 630 (citing *Link*, 370 U.S. at 633 ("[A] District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so[.]")). Earlier in this litigation, the Court cautioned Plaintiffs that failure to file proof of service may result in dismissal for failure to prosecute. Following Rodriguez's failure to comply with this Court's Order that she appear at a hearing in March 2020, the Court notified Plaintiffs that it would recommend dismissal of Rodriguez's claims for failure to prosecute. Thus, Rodriguez was on notice, and, to date, has failed to take any action. Given Rodriguez's notice, ample time to respond, and opportunity to appear, this Court finds that the second factor favors dismissal.

Third, Defendants will be prejudiced by further delays. Typically, a court examining the third factor will examine the length of the delay to determine whether there is a rebuttable presumption of prejudice or whether there is a need to prove actual prejudice. *See Caussade*, 293 F.R.D. at 630 ("A rebuttable presumption that a defendant was prejudiced may arise where the delay was lengthy and inexcusable . . . . However, in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." (internal quotation marks and citations omitted)). "Prejudice may be presumed as a matter of law in certain cases, but the

5

issue turns on the degree to which the delay was lengthy and inexcusable." *Drake*, 375 F.3d at 256 (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)). Here, Rodriguez failed to communicate with her former counsel since at least July 2019. About eight months from that point, in March 2020, the Court granted her former counsel's Motion to Withdraw as Attorney. Rodriguez has made no attempt to contact the Court in the approximately eleven months since then. In light of Rodriguez's lack of communication, apparent unwillingness to participate in discovery, mediation, and settlement negotiations, and the complete absence of any excuse for the lengthy delay, this Court finds that the third factor favors dismissal.

Fourth, dismissal would seek the proper balance between expediency and the rights of the plaintiff. The fourth factor asks whether a district court has struck the proper "balance" between alleviating excess cases on the docket with the litigant's right to be heard. Courts look at whether a litigant has been given an opportunity "to be heard on the issue of failure to prosecute," *Martens v. Thomann*, 273 F.3d 159, 182 (2d Cir. 2001), and courts also consider the plaintiff's "interest in prosecuting [her] case." *Caussade*, 293 F.R.D. at 631. In this case, the Court should reduce docket congestion by dismissing the case. Rodriguez has not contacted the Court about her failure to prosecute since the undersigned signaled this Report and Recommendation was forthcoming, in March 2020. She has shown no interest in litigating this case; she has not appeared at any proceedings before this Court, despite an Order that she appear at a hearing on her former counsel's Motion to Withdraw as Attorney, nor did she attend Court-ordered mediation. She has essentially lain dormant since at least July 2019 and has failed to move her case forward. For example, she failed to respond to multiple calls and letters from her former attorney concerning discovery demands made by the opposing party. *See id.* (dismissing where plaintiff was not in contact with counsel for approximately five months and failed to respond to requests to schedule a deposition). Accordingly, the fourth factor favors dismissal.

Finally, because Rodriguez has shown no interest in litigating his case, there is no efficacious option but dismissal. Courts generally ask whether "lesser sanctions would [be] sufficient to remedy any prejudice resulting from plaintiff's delay." *Drake*, 375 F.3d at 257

6

(citations omitted). "[D]istrict courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." *Caussade*, 293 F.R.D. at 631 (quoting *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010)). Courts consistently find that dismissal is appropriate where a plaintiff has disappeared. *See id.* (citing cases); *see also Garcia v. City of New York*, 2016 WL 1275621, at *4. Here, Rodriguez has effectively disappeared, as she did not respond to her former attorney's repeated calls and letters concerning discovery demands, did not respond when her co-Plaintiffs attempted to contact her, and did not attend a hearing despite this Court's Order directing her to appear. In such circumstances, dismissal is the appropriate remedy. *See Bilal v. City of N.Y.*, 17-CV-4498 (NGG) (SLT), 2020 WL 1698600, at *4 (E.D.N.Y. Apr. 8, 2020) (finding "plaintiff has effectively disappeared," where "he is no longer prosecuting the case or communicating with the court in any way"). The final factor favors dismissal.

## C. Conclusion

This Court finds that the *Drake* factors weigh in favor of dismissal. I recommend that the District Court DISMISS Rodriguez's claims with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.[1] Counsel is directed to immediately forward a copy of this R&R to Rodriguez at her last known address and file proof of service with this Court.

## D. Objections to this Report and Recommendation

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a

---

[1] *See Garcia*, 2016 WL 1275621, at *4 (dismissing with prejudice); *Caussade*, 293 F.R.D. at 631–32 (same).

waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals.  *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x. 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x. 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

_____/s/_____

Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
       February 3, 2021